UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL DURAN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV1400 JCH |
| ) | |
| CHRISTOPHER ANDREW, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Christopher Andrew's Motion to Dismiss Plaintiff's Complaint, filed December 18, 2008. (Doc. No. 18). The matter is fully briefed and ready for disposition.

By way of background[1], Plaintiff Daniel Duran serves as the Chief Executive Officer of the U.S. Soybean Export Council ("USSEC"), a partnership of soybean producers, allied agribusinesses and agricultural organizations. (First Amended Complaint ("Complaint" or "Compl."), ¶¶ 4, 5). USSEC has a global network of international offices, and operates overseas as the American Soybean Association-International Marketing. (Id., ¶ 5).

Defendant Christopher Andrew ("Defendant" or "Andrew") formerly operated as a Regional Director for USSEC, based in Istanbul, Turkey, with management responsibilities for the geographical region of the Middle East. (Compl., ¶ 6). In or around July, 2008, Defendant's employment was terminated, allegedly for transmitting provably false statements of fact via e-mails, and for failure to comply with his management duties. (Id., ¶ 6).

---

[1] The majority of the Court's background section is taken from Plaintiff's First Amended Complaint, to which Defendant Andrew has not yet filed an answer.

In his Complaint, filed December 1, 2008, Plaintiff alleges Defendant, "published to stakeholders both within and without USSEC disparaging, unsubstantiated and provably false statements of facts about the competencies and conduct of [Duran]." (Compl., ¶ 11). Specifically, and without limitation, Plaintiff alleges Defendant published statements, via e-mail, to the effect that Plaintiff had violated Turkish law, treated U.S. law with utter disregard, conducted an illicit extramarital affair, and created an atmosphere of terror. (Id., ¶¶ 12, 14-15). Plaintiff further alleges Defendant published, via e-mail, manufactured photographs depicting Plaintiff, "posing in a friendly manner with Kim Jong-il, a dictator of an enemy country." (Id., ¶ 13). Based on these allegations, Plaintiff asserts claims of defamation and injurious falsehood against Defendant, and seeks both compensatory and punitive damages, together with a permanent injunction prohibiting Defendant from further publishing or re-publishing defamatory statements concerning Plaintiff. (Id., ¶¶ 22-41).

As stated above, Defendant filed the instant Motion to Dismiss on December 18, 2008, asserting Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted, and for failure properly to serve Defendant Andrew. (Doc. No. 18).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the

Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

### I. Failure To Allege Defamation And Injurious Falsehood With Sufficient Particularity

In his Motion to Dismiss, Defendant first asserts Plaintiff's Complaint must be dismissed for failure to allege defamation and injurious falsehood with sufficient particularity. (Defendant Christopher Andrew's Memorandum of Law in Support of his Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Memo in Support"), PP. 3-4). Under Missouri law, "[i]n a defamation claim, a plaintiff must establish: '1) publication, 2) of a defamatory statement[2], 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation.'" Doe v. City of Creve Coeur, Missouri, 2008 WL 5069806 at *4 (E.D. Mo. Nov. 21, 2008), quoting State ex rel. BP Products N. Am. Inc. v. Ross, 163 S.W.3d 922, 929 (Mo. banc 2005).

> In a claim for injurious falsehood: [o]ne who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity. In addition, the plaintiff must establish [p]roof of pecuniary loss as an element of a claim for damages for injurious falsehood.

BP Products, 163 S.W.3d at 928 (internal quotations and citations omitted).[3]

---

[2] "A communication is defamatory if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Bakhtiari v. Beyer, 2008 WL 3200820 at *4 (E.D. Mo. Aug. 6, 2008) (internal quotations and citations omitted).

[3] "The torts of defamation and injurious falsehood protect different interests. The action for defamation is to protect the personal reputation of the injured party....The action for injurious falsehood is to protect economic interests of the injured party against pecuniary loss." BP Products,

Upon review of the Complaint, the Court finds Plaintiff adequately has pled claims for both defamation and injurious falsehood. See Parker v. Parker, 2008 WL 697416 at *2 (E.D. Mo. Mar. 13, 2008). In other words, Plaintiff alleges that Defendant published statements containing false information about Plaintiff, that Defendant knew the statements contained false information, and that Plaintiff's reputation and pecuniary interests were thereby damaged. See Doe v. City of Creve Coeur, 2008 WL 5069806 at *4, 7. Defendant's Motion to Dismiss on this basis must therefore be denied.

## II.     Protected Statements Of Opinion

Defendant next asserts the allegedly defamatory statements constitute opinion, protected by the First Amendment. (Defendant's Memo in Support, PP. 4-9). "Under Missouri law, there is a two-part test for reviewing allegedly defamatory statements to determine whether a plaintiff can survive summary judgment: (1) whether the statement is capable of having a defamatory meaning and, if so, (2) whether one or more privileges shields the defendant from legal action." Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 842 (8th Cir. 2003) (citations omitted). See also Sterling v. Rust Communications, 113 S.W.3d 279, 281 (Mo. App. 2003) (applying the same standards in the context of a motion to dismiss). "Statements of opinion, even if made maliciously or insincerely, are afforded absolute privilege under the free speech clause of the First Amendment and cannot be actionable libel." Hammer, 318 F.3d at 842 (citations omitted).

> Whether a purportedly defamatory statement is a protected opinion or an actionable assertion of fact is a question of law for the court. The test for determining whether a statement is an opinion is whether a reasonable factfinder could conclude that the statement implies an assertion of objective fact. The court must examine the totality of the circumstances to determine whether the ordinary reader would have interpreted the statement as an opinion. The privilege does not apply, however, where the statement of opinion implies the existence of undisclosed defamatory facts.

---

163 S.W.3d at 929 (internal quotations and citations omitted).

Id. at 842-843 (internal quotations and citations omitted). See also State ex rel. Diehl v. Kintz, 162 S.W.3d 152, 156 n. 4 (Mo. App. 2005) (holding the defamation analysis applies to the tort of injurious falsehood as well).

### A. **Defamatory Statements**

As stated above, in his Complaint Plaintiff alleges Defendant published statements via e-mail to the effect that Plaintiff had violated Turkish law, treated U.S. law with utter disregard, conducted an illicit extramarital affair, and created an atmosphere of terror. (Compl., ¶¶ 12, 14-15). Upon consideration, the Court finds that at least some of Defendant's alleged statements imply assertions of objective fact. See Hammer, 318 F.3d at 842-843. For example, among Defendant's statements regarding Plaintiff's violations of law are allegations of specific criminal conduct, which are considered statements of fact. Id. at 843 n. 15. Furthermore, Defendant's allegation that Plaintiff conducted an illicit extramarital affair similarly implies an assertion of objective fact.[4] Defendant's Motion to Dismiss with respect to the statements published via e-mail will therefore be denied.[5]

### B. **Manufactured Photographs**

Plaintiff further alleges Defendant published, via e-mail, manufactured photographs depicting Plaintiff, "posing in a friendly manner with Kim Jong-il, a dictator of an enemy country." (Compl., ¶ 13). Under Missouri law, "neither imaginative expression nor rhetorical hyperbole is actionable as defamation." Kintz, 162 S.W.3d at 155 (internal quotations and citation omitted). Upon

---

[4] As noted above, falsity is an element of a prima facie defamation claim. Sterling, 113 S.W.3d at 283. Thus, in order to succeed Plaintiff ultimately will have to prove Defendant's allegations are untrue.

[5] The Court agrees with Defendant that Plaintiff's failure to organize his exhibits in a coherent manner renders the task of deciphering the allegations in his Complaint more difficult. The Court will not penalize Plaintiff at this juncture, however, but does recognize that some or all of his allegations may be subject to summary judgment at a later date.

consideration, the Court finds the photographs at issue clearly represent imaginative expression, rather than assertions of objective fact. This portion of Defendant's Motion to Dismiss will therefore be granted.

**III.    Improper Service**

In his Motion to Dismiss, Defendant finally asserts Plaintiff's entire Complaint must be dismissed for insufficiency of service of process. (Defendant's Memo in Support, P. 10). Specifically, Defendant maintains that while he was served with a summons, to date he has yet to be served with a copy of the Complaint, in violation of Rule 4(c) of the Federal Rules of Civil Procedure. (Id.).

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for insufficient service of process. Rule 4(c) requires that in order to effect service, "[a] summons must be served with a copy of the complaint." As it is undisputed Defendant has never been served with a copy of the Complaint, process was insufficient under Rule 4.

"In a situation such as this, the Court has discretion to either dismiss the action or quash service and retain the case." Walker v. Laclede Gas Co., 2005 WL 1712120 at *2 (E.D. Mo. Jul. 21, 2005) (citations omitted). In this case, the initial 120-day period provided by Rule 4(m), Fed.R.Civ.P., to serve Defendant Andrew has only recently expired. The Court thus will exercise its discretion to quash service and retain this case. The Court further will grant Plaintiff until **Friday, February 6, 2009**, within which to effect proper service on Defendant Andrew and file proof of service. Failure to do so will result in the Court's dismissing Plaintiff's case without prejudice, without further notice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christopher Andrew's Motion to Dismiss Plaintiff's Complaint (Doc. No. 18) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff Daniel Duran is granted until **Friday, February 6, 2009**, within which to effect proper service on Defendant Andrew and file proof of service. Failure to do so will result in the Court's dismissing Plaintiff's case without prejudice, without further notice.

Dated this 15th day of January, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE